```
 1  CHRISTINA L.JOHNSON, ESQ.(SBN:114232)
    Aria Law Company
 2  130 Miller Avenue
    Mill Valley, CA 94941
 3  Telephone:(415)558.9800
    Facsimile (415) 389.8149
 4  E-mail: arialaw@mindspring.com

 5  Attorneys for Plaintiff
    CALIFORNIA PACIFIC LABS, INC.
 6

 7
                    UNITED STATES DISTRICT COURT
 8
             FOR THE NORTHERN DISTRICT OF CALIFORNIA
 9

10  CALIFORNIA PACIFIC LABS, INC.,    ) Case No.C 02 01481 JF
    a California corporation,         )
11                                    ) AMENDED NOTICE OF MOTION
                                      ) FOR PRELIMINARY
12          Plaintiff                 ) INJUNCTION
                                      )
13                                    ) DATE:June 24, 2002
            vs.                       ) TIME:10:00 a.m.
14                                    ) DEPT.: Courtroom 3
                                      ) BEFORE: The Honorable
15                                    ) Jeremy Fogel
    NALGE NUNC INTERNATIONAL,         )
16  CORPORATION; a Delaware           ) Attached Papers:
    Corporation; APOGENT TECHNOLOGIES,) Memorandum
17  Inc.                              ) of Law; Proposed Order;
                                      ) Affidavits of Ron Najafi,
18                                    ) John Soderquist, Larry
                                      ) Truesdale, William Leong
19          Defendants.               ) Kayvon Jalali
20  _____)  _____

21

22   PLEASE TAKE NOTICE that on June 24, 2002 at 10:00 a.m. in

23  Courtroom 3 of the above-captioned Court, plaintiff will move

24  this Court for an Order for Preliminary Injunction based on

25  Rule 65 of the Federal Rules of Civil Procedure against

26  defendants NALGE NUNC INTERNATIONAL CORPORATION (hereinafter

27  referred to as "NALGE") and APOGENT TECHNOLOGIES, INC.

28  (hereinafter referred to as "APOGENT" enjoining and restraining
```

defendants, their attorneys, and all those in active concert or participation with them from manufacturing, marketing, selling, promoting, advertising in any media, including the World Wide Web, importing and/or exporting that product defendants call the Safety Waste Funnel or any product that is similar to plaintiff's product entitled the Eco-Funnel on the grounds that defendants' design is confusingly similar to plaintiffs, that defendants have converted plaintiff's trade secrets to their own economic advantage, that defendants are competing unfairly with plaintiffs and that defendants are engaged in a scheme of false advertising regarding plaintiff's product.

This motion is further based on the facts set forth in the Complaint, in the arguments set forth in plaintiff's Memorandum of Law, the affidavits and the exhibits (co-defendants NALGE's own contract contains a provision for an injunction should it violate the non-disclosure agreement) filed herewith:

1. Unless defendants are enjoined and restrained as aforesaid, plaintiff will suffer irreparable and immediate harm, injury and damage in that plaintiff has already demonstrated that over a period of less than six months, plaintiff has lost and will continue to lose profits from the sale of its invention by defendants and plaintiff's reputation is further being irreparable harmed in that defendants' confusingly similar product is marketed through the same trade channels, i.e. to university research laboratories, pharmaceutical companies and research scientists. It is alleged that defendants' product, entitled the Safety Waste Funnel, is

1 an inferior product to that of plaintiff's product, the Eco-
2 Funnel for which plaintiff obtained a patent.
3     Plaintiff has established likelihood of confusion by
4 presenting sworn testimony in the form of affidavits which
5 support the element of confusion in the marketplace. Plaintiff
6 has further established that it is likely to prevail on the
7 merits. Plaintiff has further established that defendants have
8 converted plaintiff's trade secrets to their own use in
9 violation of the Uniform Trade Secrets Act upon which this
10 Notice is also based.
11    As all of the evidence demonstrates, absent an injunction,
12 plaintiff has no adequate remedy at law.
13     Said motion is based on the verified Complaint on file
14 herein, the exhibits attached thereto, the affidavits submitted
15 herewith, including the affidavit of Ron Najafi, Ph.D., Larry
16 Truesdale, Ph.D. William Leong, Ph.D., John Soderquist, Ph.D.
17 Kayvon Jalali, Ph.D.
18    This motion will further be based on the oral and written
19 testimony presented at the time of the hearing and on any other
20 papers filed with this Court.
21                                     ARIA LAW COMPANY
22
23 Dated: May 19, 2002      By:  _____
                                Christina L. Johnson, Esq.
24                              130 Miller Avenue
                                Mill Valley, CA 94941
25                              415.558.9800
                                415.839.8149 (FAX)
26                              arialaw@mindspring.com
                                Attorneys for plaintiff
27                              California Pacific Labs, Inc.
28