**I Braun Degenshein** (SBN 138832)
**Attorney at Law**
81 Skyway Lane
Oakland, CA 94619
510-553-9669 (voice)
510-633-1900 (facsimile)

Attorneys for Plaintiff
CALIFORNIA PACIFIC LABS, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CALIFORNIA PACIFIC LABS, INC., a California corporation<br><br>Plaintiff,<br><br>vs.<br><br>NALGE NUNC INTERNATIONAL CORPORATION, a Delaware Corporation; and APOGENT TECHNOLOGIES, Inc.<br><br>Defendants | Case No.: C 02-01418 JF<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>• **Breach of Contract**<br>• **Implied Passing Off, Passing Off and False Advertising Under Federal Law**<br>• **Violation of California Business and Professions Code § 17200**<br>• **Common Law Unfair Competition (Implied Passing Off and Passing Off)**<br><br>**A JURY TRIAL IS DEMANDED** |

## I.  JURISDICTION AND VENUE

1.    This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), and under the Court's pendant jurisdiction.

2.    This Court has jurisdiction under 28 U.S.C. § 1332(a) based upon diversity of citizenship as each party is a citizen of a different state and the amount in controversy exceeds the statutory minimum amount.

3.    Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial portion of the events or omissions giving rise to the claims at issue occurred in this district and because

1   the defendants actively and regularly conduct business in this district, have an agent for service

2   of process in this district and have distributors in this district.

3       4.    Assignment to the San Francisco Division of the Northern District of California is

4   proper under Northern District Local Rule 3-2 because a substantial part of the events giving rise

5   to this action occurred in the County of Marin.

6                **II.  PARTIES**

7       5.    Plaintiff California Pacific Labs, Inc. (hereinafter "Cal. Labs" or "Plaintiff") at all

8   relevant times was a California corporation with its principal place of business in Novato,

9   California.  Cal. Labs' principal shareholder is Ron Najafi, Ph.D. (hereinafter "Dr. Najafi")

10      6.    Plaintiff is informed and believes and thereupon alleges that defendant Nalge Nunc

11  International, Inc. (hereinafter "Nalge" and collectively with codefendant Apogent Technologies,

12  Inc. as "Defendants") is a Delaware Corporation with its principal place of business in

13  Rochester, New York.  Nalge is one of the largest manufacturers and distributors of plastic lab

14  ware in the world.

15      7.    Plaintiff is informed and believes and thereupon alleges that defendant Apogent

16  Technologies, Inc. (hereinafter "Apogent," and collectively with Nalge as "Defendants") is

17  incorporated in a state other than California, with its principal place of business in Portsmouth,

18  New Hampshire.

19      8.    Plaintiff is informed and believes and thereupon alleges that Nalge is a wholly owned

20  subsidiary of Apogent, and that Apogent has purchased all of Nalge's trademarks and other

21  assets.

22      9.    Plaintiff is informed and believes that the Defendants are represented by more than 150

23  distributors worldwide, most, if not all of which display and advertise the Defendants' products

24  pursuant to Defendants' instructions and information provided by Defendants.

25      10.  Plaintiff is informed and believes and thereupon alleges that Defendants' distributors

26  are Defendants' agents, employees, contractors and/or representatives, and that the acts,

27  omissions, misrepresentations and/or nondisclosures of material fact by such distributors are the

28  acts, omissions, misrepresentations and/or nondisclosures of material fact of the Defendants.

**SECOND AMENDED COMPLAINT – Page 2**

### III. FACTUAL ALLEGATIONS

**A.      Development of the Eco Funnel**

11.   In 1994, Dr. Najafi, a research chemist with substantial practical laboratory experience, recognized an emergent need to control the evaporation of toxic and volatile chemical vapors into the atmosphere.  He realized that the evaporation of these dangerous chemicals threatened not only the health and well being of laboratory personnel, but also the general public.

12.   As a result of this realization, Dr. Najafi invented a product he called the "Eco Funnel." The Eco Funnel was entirely unique in that it screwed to the top of a carboy (a waste container), and had a lid with an occluding ball attached to it.  When closed, the occluding ball became seated in the mouth of the funnel stem.  Thus, instead of leaving an open funnel loosely seated in the neck of a waste container, as was the previous practice, waste chemicals could be poured into the Eco Funnel and contained in the carboy without allowing fumes to escape into the atmosphere.  Dr. Najafi was awarded Patent No. 5,515,892 for this first Eco Funnel design, primarily for the occluding ball feature.

13.   Cal. Labs was formed by Dr. Najafi in 1995 to manufacture, market and distribute the Eco Funnel.  The Eco Funnel was enthusiastically embraced in the profession because, among other things, the Eco Funnel complied with the Environmental Protection Act, the Federal Drug Administration regulations, and Occupational and Safety Health Act regulations.

14.   By 1997, Cal. Labs was selling the Eco Funnel to leading chemical and pharmaceutical companies and laboratories including the University of California, Merck Pharmaceuticals, Wyeth-Ayerst Pharmaceuticals, Bristol Myers Squibb Pharmaceuticals, Kodak, Inc., Genentech and Yale University.  Plaintiff eventually obtained distributorship through leading distributors like Aldrich Chemical Co., ChemGlass, Inc. and Lab Safety Supply.

**B.      Nalge Approaches Cal. Labs**

15.   In or around June 1996, Dr. Najafi was manning a Cal. Labs Booth at the Institute of Food Technologists Trade Show (the "IFT Show").  At that booth, he displayed an early version of his Eco Funnel being used with a carboy manufactured by Nalge.

16.   Nalge's representative, who also attended the IFT Show, approached Dr. Najafi.

I Braun Degenshein
Attorney at Law
81 Skyway Lane
Oakland, CA 94619
510-553-9669

SECOND AMENDED COMPLAINT – Page 3

1    17.  Plaintiff is informed and believes that Nalge's representative recognized the Eco-

2    Funnel's utility and its potential value to a company like Nalge.  Therefore, Dr. Najafi was

3    invited to Rochester, New York to present the Eco-Funnel to Nalge for the purpose of proposing

4    a distribution relationship.

5    18.  Plaintiff is informed and believes and thereupon alleges that Nalge expressed

6    reservations about the design of the original Eco-Funnel because of the difficulty in

7    manufacturing a lid with an attached occluding ball.  However, Dr. Najafi was able to address

8    those design concerns because he had been conducting continued research and development to

9    further perfect his idea.  Because of the ongoing research and development that Dr. Najafi was

10   conducting on the Eco-Funnel idea, Cal. Labs was able to offer Nalge an iteration of the Eco-

11   Funnel that addressed Nalge's concerns yet was true to Dr. Najafi's environmental protection

12   goals.

13   19.  Plaintiff is informed and believes and thereupon alleges that the new iteration of the

14   Eco-Funnel was acceptable to Nalge.  Therefore, on March 7, 1997 Nalge and Cal. Labs entered

15   into a "Purchasing Agreement" that provided purchases by Nalge of "Guaranteed unit quantities

16   being 3,500 first year, 4,200 second year and 5,000 third year per funnel design" for three

17   different funnel configurations using Dr. Najafi's revised design.  A copy of the Purchasing

18   Agreement is attached to this Complaint as Exhibit A.

19   20.  The Purchasing Agreement also required that a party must give the other party one

20   year's notice of any intent to cancel the Purchasing Agreement.

21   21.  In consideration for guaranteeing minimum purchase quantities for the first three years,

22   Plaintiff granted Nalge limited exclusivity in the distribution of the three funnel configurations

23   during the life of the Purchasing Agreement.

24   22.  Because Plaintiff is not a manufacturer and had to outsource the manufacturing of the

25   ECO FUNNELs so it could provide them to Nalge, Nalge prepaid for the entire first year's

26   quantity of funnels.

27   23.  Having entered into the Purchasing Agreement with Plaintiff, and having prepaid for

28   the first year's commitment, Plaintiff delivered its Eco Funnels to Nalge, and Nalge commenced

I Braun Degenshein
Attorney at Law
81 Skyway Lane
Oakland, CA 94619
510-553-9669

SECOND AMENDED COMPLAINT – Page 4

1  distribution of Plaintiff's Eco-Funnels by selling them as or with the unique catalog

2  identification numbers 6375-0002, 6375-0004, 6375-0010, 6376-0002, 6376-0004 and 6376-

3  0010.

4      24.   During that first year of Eco-Funnel distribution, Nalge gained a reputation for selling a

5  unique product that had specific utilitarian features and qualities designed expressly to minimize

6  as best possible the evaporation of harmful and toxic vapors into the environment.  The exclusive

7  Eco-Funnel features included:

8          a.   A long funnel stem that reached nearly to the bottom of the carboy, thus

9  reducing greatly the surface area of liquid subject to evaporation.

10          b.   A system to prevent the splashing and "burping" caused by air trapping that

11  vented into the funnel bowl, thus preventing the accidental overflow of harmful, toxic or

12  volatile chemicals into the work area.

13          c.   A lid to contain the liquid and fumes in the carboy and funnel.

14      25.   Plaintiff is informed and believes and thereupon alleges that Plaintiff's Eco-Funnels

15  were purchased from Nalge by consumers of the product specifically because of these exclusive

16  utilitarian features and qualities.

17  **C.**      **Nalge Decides to Compete, Not Partner with Plaintiff**

18      26.   Nalge at one point apparently determined that, rather than distributing Plaintiff's

19  Eco-Funnels, it would reap a greater profit if it created its own funnels to compete directly with

20  Plaintiff's Eco-Funnels.

21      27.   Therefore, Plaintiff is informed and believes and thereupon alleges that Nalge funded

22  the research and development of a product to compete with Plaintiff's Eco-Funnels.

23      28.   At a point thereafter, while continuing to advertise Plaintiff's Eco-Funnels that were

24  identified by catalog numbers 6375-0002, 6375-0004, 6375-0010, 6376-0002, 6376-0004 and

25  6376-0010, Nalge began selling its competing, inferior funnel.

26      29.   Nalge's competing, inferior funnel was not designated by Nalge to assume the

27  catalog numbers of Plaintiff's Eco-Funnels.  Rather, they were given the different catalog

28  identification numbers 6378-0003, 6378-0004, 6378-0010, 6379-0004, 6379-0010.

I Braun Degenshein
Attorney at Law
81 Skyway Lane
Oakland, CA 94619
510-553-9669

1

**First Cause of Action**
**for Breach of Contract**

2

3      30.  Plaintiff incorporates paragraphs 1 through 29 by reference herein as if set out at

4      length.

5      31.  On or around September 21, 1998, Defendants expressly repudiated the Purchasing

6      Agreement, telling Plaintiff that they would not purchase any more funnels from Plaintiff under

7      the terms of that Agreement.

8      32.  In reliance on the terms of the Purchasing Agreement, Plaintiff had remaining

9      inventory of product that could not be resold because such inventory was custom stamped with

10     Defendant's name.

11     33.  After Defendants gave notice to Plaintiff, they refused to accept delivery of, and pay

12     for the second year's commitment of funnels.

13     34.  Defendant's refusal to accept delivery of, and pay for the second year's commitment of

14     funnels was a direct breach of the term of the Purchasing Agreement that required one year's

15     notice of discontinuance.

16     35.  As an actual and proximate result of Defendants' breach of the Purchasing Agreement,

17     Plaintiff has suffered and continues to suffer losses and damages in an amount subject to proof.

18

**Second Cause of Action**
**for False Advertising under the Lanham Act**

19

20     36.  Plaintiff incorporates paragraphs 1 through 35 by reference herein as if set out at

21     length.

22     37.  Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) prohibits false

23     advertising by use of false or misleading descriptions of fact or false or misleading

24     representations of fact.

25     38.  Plaintiff is informed and believes and thereupon alleges that after having established a

26     market for Plaintiff's Eco-Funnels with the specific utilitarian advantages that only the Eco-

27     Funnels possess, Defendants fulfilled orders for their Eco-Funnel catalog numbers 6375-0002,

28

I Braun Degenshein
Attorney at Law
81 Skyway Lane
Oakland, CA 94619
510-553-9669

1  6375-0004, 6375-0010, 6376-0002, 6376-0004 and 6376-0010 with Defendants' competing,

2  inferior funnels.

3  39.  Plaintiff is informed and believes that Defendants continued to advertise their catalog

4  number 6375-0002, 6375-0004, 6375-0010, 6376-0002, 6376-0004 and 6376-0010 products

5  using descriptions of the utilitarian advantages of Plaintiff's Eco-Funnels, yet orders based upon

6  those advertisements were fulfilled with Defendants' competing, inferior product, without the

7  purchasers' knowledge or consent.

8  40.  Plaintiff is informed and believes that, with Defendants' full knowledge and

9  acquiescence, Defendants' distributors continued to advertise Defendants' catalog number 6375-

10  0002, 6375-0004, 6375-0010, 6376-0002, 6376-0004 and 6376-0010 products using descriptions

11  of the unique utilitarian advantages of Plaintiff's Eco-Funnels, yet orders based upon those

12  advertisements were fulfilled with Defendants' competing, inferior product, without the

13  purchasers' knowledge or consent, based upon Defendants' intentional failure to inform its

14  distributors of the change and the differences between Plaintiff's Eco-Funnels and Defendants'

15  inferior funnels.

16  41.  The material terms of the description of Plaintiff's Eco-Funnels do not apply to

17  Defendants' competing, inferior product.  Specifically, Defendants' competing product is

18  inferior to Plaintiff's product for the following reasons.

19         a.   Defendant's product does not have a long funnel stem as does Plaintiff's Eco-

20     Funnel.

21         b.   Defendants' funnels' venting system does not vent into the funnel.  Rather, it

22     vents directly to the outside environment through a PTFE (Teflon) filter that passes at a

23     much greater rate than the Eco-Funnel the vapors of harmful, dangerous, toxic and

24     volatile nonaqueous organic compounds like acetone.

25         c.   Defendants' funnel will leak harmful, dangerous, toxic and volatile

26     nonaqueous solutions like acetone into the environment if the waste container is

27     overfilled so liquid backs up into the funnel.

28

SECOND AMENDED COMPLAINT – Page 7

d.   Defendants' funnels' venting system filter can clog, resulting in the removal of the venting filter in practical use, thereby further increasing the emission of harmful vapors into the environment and the risk of accidental overflow of fluids into the environment.

e.   Defendants' funnels' venting system filter can clog, thereby increasing the risk of splashing due to vapor trapping.

42.   Nevertheless, the Defendants and their distributors continue to advertise Defendants' funnels using pictures and descriptions of Plaintiff's Eco Funnels with any or all of the following advertising claims that are untrue as to the Defendants' funnels:

a.   "Built-in vent in the funnel minimizes overflow."

b.   "Long funnel stem extends below the liquid waste level to reduce the rate of evaporation."

c.   "for temporary containment and disposal of [solvent and chemical waste]"

d.   The funnels "reduce volatile emissions in the laboratory."

43.   Nevertheless, the Defendants and their distributors continue to advertise Defendants' funnels using any or all of the following advertising claims that are untrue as to the Defendants' funnels:

a.   "The built-in vent prevents funnel overflow."

b.   "Long funnel stem reduces evaporation."

44.   Nevertheless, without any warnings to the contrary to consumers of the differences between Plaintiff's Eco-Funnels and Defendants' inferior products, the Defendants and their distributors continue to advertise Defendants' funnels inferring, if not outright stating, that the funnels are suitable for use with "volatile" liquids like acetone, hexane and other organic (i.e., carbon containing) and/or flammable liquids, when Defendants' funnels are not suitable for such liquids.

45.   Plaintiff is informed and believes and thereupon alleges that Defendants' and their distributors' continued to make their false descriptions and representations in interstate

I Braun Degenshein
Attorney at Law
81 Skyway Lane
Oakland, CA 94619
510-553-9669

1   commerce, as Defendants are one of the largest manufacturers and distributors of plastic lab

2   ware in the world, and they and their distributors advertise and sell products worldwide.

3       46.   Plaintiff is informed and believes and thereupon alleges that purchasers who ordered

4   Plaintiff's Eco-Funnels from Defendants' distributors relied upon the material statements in the

5   descriptions of Plaintiff's Eco-Funnels but received instead Defendants' competing, inferior

6   product without the purchasers' knowledge or consent.

7       47.   Plaintiff is informed and believes and thereupon alleges that some purchasers who

8   received Defendants' product instead of Plaintiff's product as expected had to and did return

9   Defendants' competing products because they do not match the description of Plaintiff's Eco-

10  Funnels and because Defendants' product is unsuitable for the same uses to which Plaintiff's

11  Eco-Funnels are well suited.

12      48.   Plaintiff is informed and believes and thereupon alleges that Plaintiff was deprived of

13  sales of its Eco-Funnels because purchasers who believed they were purchasing products with

14  the specific qualities of Plaintiff's Eco-Funnels from Defendants' and their distributors'

15  advertising instead received Defendants' inferior product.  Because of Defendants' and their

16  distributors' false representations, those purchasers did not return the product and continued to

17  use Defendants' product mistakenly believing it would perform as advertised.

18      49.   Plaintiff is informed and believes and thereupon alleges that Defendants for a

19  substantial time after they and their distributors no longer sold Plaintiff's Eco-Funnels knowingly

20  made no effort to correct their or their distributors' advertisements to truthfully represent the

21  products they were selling.

22      50.   Plaintiff is informed and believes and thereupon alleges that, to this day, Defendants

23  continue to advertise their inferior competing product using false and misleading material

24  statements in their advertising.

25      51.   The Defendants deliberately, willfully, fraudulently, with malice, without privilege,

26  without immunity, without the exercise of due care, without making a reasonable effort to obtain

27  the facts of the matter and without acting in reasonable belief that the actions taken were

28  warranted by known facts gained an unfair advantage over Plaintiff by using the sweat of

I Braun Degenshein
Attorney at Law
81 Skyway Lane
Oakland, CA 94619
510-553-9669

1    Plaintiff's efforts to introduce to the market a new product more cheaply and with less effort than

2    it would have if it started from scratch by designing, testing and advertising its own products.

3        52.   The Defendants deliberately, willfully, fraudulently, with malice, without privilege,

4    without immunity, without the exercise of due care, without making a reasonable effort to obtain

5    the facts of the matter and without acting in reasonable belief that the actions taken were

6    warranted by known facts, violated Section 43(a)(1)(B) of the Lanham Act as described above.

7        53.   As an actual and proximate result of Defendants' violation of the Lanham Act's

8    proscription against false advertising, Plaintiff has suffered and continues to suffer losses and

9    damages in an amount subject to proof.

10       54.   In light of the exceptional circumstances set out above, Plaintiff additionally seeks an

11   award of attorneys' fees and costs according to proof.

12
                             **Third Cause of Action**
13          **for Unfair Competition (Implied Passing Off) Under the Lanham Act**

14       55.   Plaintiff incorporates paragraphs 1 through 54 by reference herein as if set out at

15   length.

16       56.   The Defendants deliberately, willfully, fraudulently, with malice, without privilege,

17   without immunity, without the exercise of due care, without making a reasonable effort to obtain

18   the facts of the matter and without acting in reasonable belief that the actions taken were

19   warranted by known facts used photographs of Plaintiff's Eco Funnels in their advertising in

20   order to sell Defendants' own inferior products.

21       57.   Plaintiff is informed and believes and thereupon alleges that, with Defendants' full

22   knowledge and acquiescence, Defendants' distributors continue to use photographs of Plaintiff's

23   Eco-Funnels to advertise Defendants' inferior competing product, and Defendants knowingly

24   made no effort to correct their distributors' advertisements to truthfully represent the products

25   they were selling.

26       58.   Using photographs of Plaintiff's Eco Funnels in their advertising, the Defendants

27   deliberately, willfully, fraudulently, with malice, without privilege, without immunity, without

28   the exercise of due care, without making a reasonable effort to obtain the facts of the matter and

I Braun Degenshein
Attorney at Law
81 Skyway Lane
Oakland, CA 94619
510-553-9669

1   without acting in reasonable belief that the actions taken were warranted by known facts had

2   sales personnel fill orders which were obtained through the use of photographs of Plaintiff's Eco-

3   Funnels with Defendants' inferior products.

4        59.   The Defendants deliberately, willfully, fraudulently, with malice, without privilege,

5   without immunity, without the exercise of due care, without making a reasonable effort to obtain

6   the facts of the matter and without acting in reasonable belief that the actions taken were

7   warranted by known facts gained an unfair advantage over Plaintiff by using the sweat of

8   Plaintiff's efforts to introduce to the market a new product more cheaply and with less effort than

9   it would have if it started from scratch and advertised its own products.

10       60.   Defendants and/or their distributors thus violated Section 43(a) of the Lanham Act by

11  engaging in unfair competition by impliedly representing that Defendants' product was produced

12  by Plaintiff and attempting to persuade customers through the use of photographs and

13  descriptions of Plaintiff's product that Defendants' inferior product was Plaintiff's product.

14       61.   Plaintiff is informed and believes and thereupon alleges that the Defendants'

15  substitution of its own goods when Plaintiff's goods were ordered was unknowing and

16  unauthorized by the purchasers.

17       62.   As an actual and proximate result of Defendants' violation of the Lanham Act's

18  proscription against passing off Defendants' goods as Plaintiff's goods, Plaintiff has suffered and

19  continues to suffer losses and damages in an amount subject to proof.

20
                                   **Fourth Cause of Action**
21                   **for Unfair Competition (Passing Off) Under the Lanham Act**

22       63.   Plaintiff incorporates paragraphs 1 through 62 by reference herein as if set out at

23  length.

24       64.   Plaintiff is informed and believes that Nalge's specific catalog identification numbers

25  for Plaintiff's Eco-Funnels became associated in the minds of purchasers with the particular

26  funnel designed by Plaintiff, with the specific, exclusive utilitarian features and qualities

27  associated therewith, even if the true source of the goods was anonymous.

28

I Braun Degenshein
Attorney at Law
81 Skyway Lane
Oakland, CA 94619
510-553-9669

65.   Plaintiff is informed and believes and thereupon alleges that, based upon the catalog identification numbers given to Plaintiff's Eco-Funnels, purchasers who ordered products under the catalog numbers 6375-0002, 6375-0004, 6375-0010, 6376-0002, 6376-0004 and 6376-0010, whether from Defendants or their distributors, expected to receive Plaintiff's Eco-Funnels with their specific, exclusive utilitarian features and qualities.

66.   Plaintiff is informed and believes and thereupon alleges that Defendants deliberately, willfully, fraudulently, with malice, without privilege, without immunity, without the exercise of due care, without making a reasonable effort to obtain the facts of the matter and without acting in reasonable belief that the actions taken were warranted by known facts substituted its own inferior product when orders for Plaintiff's Eco Funnels, i.e., catalog numbers 6375-0002, 6375-0004, 6375-0010, 6376-0002, 6376-0004 and 6376-0010 were placed.

67.   Plaintiff is informed and believes and thereupon alleges that Defendants deliberately, willfully, fraudulently, with malice, without privilege, without immunity, without the exercise of due care, without making a reasonable effort to obtain the facts of the matter and without acting in reasonable belief that the actions taken were warranted by known facts caused their distributors to substitute Defendants' own inferior product when orders for Plaintiff's Eco Funnels, i.e., catalog numbers 6375-0002, 6375-0004, 6375-0010, 6376-0002, 6376-0004 and 6376-0010 were placed.

68.   Plaintiff is informed and believes that Defendants' substitutions were made in circumstances calculated to lead the purchaser to believe he is getting what he orders when he is not, thus perpetrating a fraud not only on the purchaser, but also upon Plaintiff.

69.   The Defendants deliberately, willfully, fraudulently, with malice, without privilege, without immunity, without the exercise of due care, without making a reasonable effort to obtain the facts of the matter and without acting in reasonable belief that the actions taken were warranted by known facts gained an unfair advantage over Plaintiff by using the sweat of Plaintiff's efforts to market, distribute and sell its own products.

70.   Defendants and/or their distributors thus violated Section 43(a) of the Lanham Act by engaging in unfair competition by substituting Defendants' inferior product when orders were

1   placed for Plaintiff's specific product, i.e., catalog numbers 6375-0002, 6375-0004, 6375-0010,

2   6376-0002, 6376-0004 and 6376-0010.

3       71.   Plaintiff is informed and believes and thereupon alleges that the Defendants'

4   substitution of its own goods when Plaintiff's goods were ordered was unauthorized by the

5   purchasers.

6       72.   Plaintiff is informed and believes and thereupon alleges that Defendants' substitution of

7   its own inferior product, which is otherwise designated by Defendants under completely different

8   catalog numbers, for Plaintiff's Eco Funnels was without the consent or knowledge of the

9   purchaser.

10       73.   As an actual and proximate result of Defendants' violation of the Lanham Act's

11   proscription against passing off Defendants' goods as Plaintiff's goods, Plaintiff has suffered and

12   continues to suffer losses and damages in an amount subject to proof.

13

### Fifth Cause of Action
### for Unfair Competition under California Law

14

15       74.   Plaintiff incorporates paragraphs 1 through 73 by reference herein as if set out at

16   length.

17       75.   Plaintiff asserts this Cause of Action individually and as a representative of the public

18   of California against Defendants for violation of California's Unfair Competition Law, Business

19   and Professions Code § 17200 *et seq.*

20       76.   In addition to the above stated Causes of Action, the Defendants' policies, acts and

21   practices as described in this Complaint were intended to result in the sale of Defendants' goods

22   to the consuming public in California and elsewhere.  These acts violated and continue to violate

23   the California Consumers' Legal Remedies Act (hereinafter the "Act"), California Civil Code

24   § 1770 *et seq.,* in at least the following respects:

25           a.   In violation of section 1770(a)(1) of the Act, the Defendants passed off their

26           own goods as those of Plaintiff;

27           b.   In violation of section 1770(a)(4) of the Act, the Defendants used deceptive

28           representations in connection with the sale of their products;

I Braun Degenshein
Attorney at Law
81 Skyway Lane
Oakland, CA 94619
510-553-9669

1       c.   In violation of section 1770(a)(5) of the Act, the Defendants represented that

2 their goods have characteristics, uses, benefits which they do not have;

3       d.   In violation of section 1770(a)(7) of the Act, the Defendants represented that

4 their goods are of a particular standard or quality, when they are not; and

5       e.   In violation of section 1770(a)(9) of the Act, the Defendants and their

6 distributors advertised and continue to advertise Plaintiff's goods with the intent not to

7 sell or administer them as advertised.

8     77.   In addition to the above stated Causes of Action, the Defendants induced the public to

9 purchase its goods by disseminating untrue and misleading advertising and false or misleading

10 statements in violation of California Business and Professions Code § 17,500.

11     78.   The Defendants engaged in unfair, unlawful and fraudulent business acts and practices

12 by knowingly and willfully fulfilling orders for Plaintiff's Eco-Funnels with Defendants' inferior

13 products.

14     79.   Plaintiff reserves the right to allege other violations of law which constitute unlawful

15 acts or practices.

16     80.   The omissions, misrepresentations and nondisclosures of material fact described in this

17 Cause of Action and the other Causes of Action are likely to deceive and have deceived

18 purchasers into believing they are purchasing products with the specific qualities of Plaintiff's

19 Eco Funnels.

20     81.   The harm caused by the Defendants' failure to disclose and remedy its unfair business

21 practices outweighs the utility of such conduct and such conduct offends public policy, is

22 immoral, unscrupulous, unethical, deceitful and offensive, and causes substantial injury to

23 Plaintiff and consumers in general.

24     82.   The unlawful, fraudulent and/or unfair business acts or practices conducted by the

25 Defendants and/or their agents and distributors continue to this day.  Defendants fail to publicly

26 acknowledge the wrongful nature of their actions.  Defendants have not corrected or publicly

27 issued notices to Plaintiff and to Defendants' customers or provided restitution of all ill-gotten

28

SECOND AMENDED COMPLAINT – Page 14

1    moneys either acquired or retained by Defendants as a result of their unfair, unlawful and

2    fraudulent business practices.

3      83.   Accordingly, Plaintiff seeks an Order enjoining Defendants and their distributors from

4    continuing and/or permitting such unfair, unlawful and fraudulent business acts and practices,

5    and an Order providing restitution to all customers who received Defendants' products based

6    upon advertising containing photographs and descriptions of Plaintiff's Eco Funnels.

7      84.   In light of the above, Plaintiffs are also entitled to an award of attorneys' fees and costs

8    pursuant to California Code of Civil Procedure § 1021.5.

9
10                       **Sixth Cause of Action<br>for Common Law Unfair Competition**

11      85.   Plaintiff incorporates paragraphs 1 through 84 by reference herein as if set out at

12    length.

13      86.   The acts described in the above Causes of Action constitute implied passing off and

14    palming off at a minimum under the common law of unfair competition.

15      87.   The Defendants' acts, omissions, misrepresentations and nondisclosures of material

16    fact were done knowingly, intentionally, maliciously and fraudulently.  Accordingly, Plaintiff

17    seeks an award of compensatory and damages by way of proof and punitive damages in the

18    maximum amount consistent with the law.

19    **WHEREFORE, Plaintiff prays for relief as follows:**

20    1.   That the Defendants, their agents, distributors, representatives, etc. be enjoined and

21    restrained from further advertising using photographs and descriptions of Plaintiff's Eco Funnels

22    and false descriptions of their own products;

23    2.   That the Defendants pay to Plaintiff compensatory damages according to proof for

24    breach of contract;

25    3.   That the Defendants pay to Plaintiff compensatory damages according to proof for false

26    advertising;

27    4.   That the Defendants pay to Plaintiff compensatory damages according to proof for

28    unfair competition;

1   5.      That the Defendants be required to inform all of their customers who purchased

2   products based upon Defendants' false advertising of the fact that the products delivered were

3   not those advertised and do not perform as advertised;

4   6.      That the Defendants be required to pay Plaintiff punitive damages in an amount

5   sufficient to punish defendants and serve as an example to others;

6   7.      That the Defendants be required to pay Plaintiff its attorneys' fees and costs of suit

7   according to proof; and

8   8.      That Plaintiff have such other and further relief as the Court deems just and proper.

9   **A Jury Trial is demanded.**

10  **Dated:**  March 30, 2004

11                                         **I Braun Degenshein**
                                           **Attorney at Law**

12                                         /s/ I Braun Degenshein

13                                         _____
                                           by:  I Braun Degenshein
14                                         Attorney for Plaintiff California Pacific Labs, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**I Braun Degenshein**
**Attorney at Law**
**81 Skyway Lane**
**Oakland, CA 94619**
**510-553-9669**

March 4, 19(  )

Ron Najafi
California-Pacific Lab & Consulting



**Nalge Nunc**
**International**

RE:   Purchasing Agreement between California-Pacific (C-P) and Nalge Nunc
      International (NNI) Corporation

The following points are agreed upon:

Nalge Nunc International
P.O. Box 20365
75 Panorama Creek Dr.
Rochester, NY 14602-0365
Tel 716-586-8800
Fax 716-586-8431

1.   C-P agrees to supply NNI with 3 ECO funnel designs made of HDPE. Delivery
     being 60 to 90 days.

2.   NNI agrees to supply C-P with sales quantity forecasts for ECO funnels.

3.   C-P agrees that ECO funnel designs (3) are exclusive to NNI. Guaranteed unit
     quantities being 3,500 first year, 4,200 second year and 5,000 third year per
     funnel design. Annual adjustments to be negotiated.

4.   NNI has the exclusive distribution of ECO funnels through major distributors
     worldwide; list attached, excluding Aldrich Chemical Co., Lab Safety Supply,
     and ChemGlass Inc.

5.   NNI and C-P agree to provide 1 year notice of discontinuation of this agreement
     (supplying ECO funnels, etc.).

6.   C-P agrees to provide 60 day notice of any proposed price change to products
     purchased.

Ron Najafi
California-Pacific

Alex Najafi                    President CEO
California-Pacific

A Subsidiary of
Sybron
International

Peter Skapriwsky
Marketing Manager
NNI

Nick Tamburrini
Purchasing Manager
NNI

EXHIBIT A