1   Thomas F. Smegal, Jr. (CSB # 34,819)
    **KNOBBE, MARTENS, OLSON & BEAR, LLP**
2   201 California Street, Suite 1150
    San Francisco, CA  94111
3   Telephone (415) 954-4114
    Facsimile (415) 954-4111

4

    Irfan A. Lateef (CSB #204,004)
5   **KNOBBE, MARTENS, OLSON & BEAR, LLP**
    2040 Main Street, 14th Floor
6   Irvine, CA 92614
    Telephone:  (949) 760-0404
7   Facsimile:  (949) 760-9502

8   Attorneys for Defendants,
    NALGE NUNC INTERNATIONAL CORPORATION
9   and APOGENT TECHNOLOGIES, INC.

10

11                    IN THE UNITED STATES DISTRICT COURT

12                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                              SAN JOSE DIVISION

14

15   CALIFORNIA PACIFIC LABS, INC., a        )   Civil Action No. C-02-1418-JF (PVT)
     California corporation,                  )
16                                            )   **DEFENDANTS' ANSWER TO**
                          Plaintiff,          )   **PLAINTIFF'S SECOND**
17                                            )   **AMENDED COMPLAINT**
           v.                                 )
18                                            )   **DEMAND FOR JURY TRIAL**
     NALGE NUNC INTERNATIONAL                 )
19   CORPORATION, a Delaware corporation;     )
     and APOGENT TECHNOLOGIES, INC.,          )   The Honorable Jeremy Fogel
20                                            )
                          Defendants.         )
21   _____)

22

23

24

25

26

27

28

Defendants NALGE NUNC INTERNATIONAL CORPORATION and APOGENT TECHNOLOGIES, INC. (collectively referred to as "Defendants") hereby answer the Second Amended Complaint of Plaintiff CALIFORNIA PACIFIC LABS, INC. ("Plaintiff") as follows:

## I. JURISDICTION AND VENUE

1.      Defendants admit the allegations of Paragraph 1 of the Second Amended Complaint.

2.      Defendants admit that diversity of the parties exists, but Defendants lack sufficient knowledge or information to admit or deny whether the amount in controversy exceeds the statutory minimum amount and therefore deny that allegation on that basis.

3.      Defendants admit venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b).  Defendants deny the remaining allegations contained in Paragraph 3 of the Second Amended Complaint.

4.      Defendants admit the allegations contained in Paragraph 4 of the Second Amended Complaint.

## II.  PARTIES

5.      Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of the Second Amended Complaint, and on that basis, deny the allegations contained in Paragraph 5 of the Second Amended Complaint.

6.      Defendants admit the allegations contained in Paragraph 6 of the Second Amended Complaint.

7.      Defendants admit the allegations contained in Paragraph 7 of the Second Amended Complaint.

8.      Defendants admit that Nalge is a wholly owned subsidiary of Apogent. Defendants deny the remaining allegations contained in Paragraph 8 of the Second Amended Complaint.

9.      Defendants admit that they have in the past used up to 150 distributors worldwide.  Defendants deny the remaining allegations contained in Paragraph 9 of the

Second Amended Complaint.

10.   Defendants deny the allegations contained in Paragraph 10 of the Second Amended Complaint.

### III.  FACTUAL ALLEGATIONS

**A.   Development of the Eco Funnel**

11.   Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of the Second Amended Complaint, and on that basis, deny the allegations contained in Paragraph 11 of the Second Amended Complaint.

12.   Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of the Second Amended Complaint, and on that basis, deny the allegations contained in Paragraph 12 of the Second Amended Complaint.

13.   Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of the Second Amended Complaint, and on that basis, deny the allegations contained in Paragraph 13 of the Second Amended Complaint.

14.   Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of the Second Amended Complaint, and on that basis, deny the allegations contained in Paragraph 14 of the Second Amended Complaint.

**B.   Nalge Approaches Cal. Labs**

15.   Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 15 of the Second Amended Complaint, and on that basis, deny the allegations contained in Paragraph 15 of the Second Amended Complaint.

16.   Defendants admit the allegations contained in Paragraph 16 of the Second Amended Complaint.

17.   Defendants admit that Nalge met with Dr. Najafi in Rochester, New York. Defendants deny the remaining allegations contained in Paragraph 17 of the Second Amended Complaint.

18.   Defendants admit that the several substantial changes to the original Eco-Funnel design, including elimination of the ball and string and top-heavy V-shape, were

necessary in order to produce a commercially viable product.  Defendants deny the remaining allegations contained in Paragraph 18 of the Second Amended Complaint.

19.     Defendants admit that on or about March 4, 1997, not March 7, 1997, Nalge and Cal. Labs signed a document entitled "Purchasing Agreement" which is attached to the Second Amended Complaint as Exhibit A.   Defendants deny the remaining allegations contained in Paragraph 19 of the Second Amended Complaint.

20.     Defendants deny the allegations contained in Paragraph 20 of the Second Amended Complaint.

21.     Defendants deny the allegations contained in Paragraph 21 of the Second Amended Complaint.

22.     Defendants admit it paid for the first year's quantity of funnels.  Defendants deny the remaining allegations contained in Paragraph 22 of the Second Amended Complaint.

23.     Defendants admit that funnels supplied by Plaintiff were identified by the catalog identification numbers 6375-0002, 6375-004, 6375-0010.   Defendants deny the remaining allegations contained in Paragraph 23 of the Second Amended Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of the Second Amended Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Second Amended Complaint.

**C.     Nalge Decides to Compete, Not Partner with Plaintiff**

26.     Defendants deny the allegations contained in Paragraph 26 of the Second Amended Complaint.

27.     Defendants admit they developed a redesigned funnel.  Defendants deny the remaining allegations contained in Paragraph 27 of the Second Amended Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of the Second Amended Complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of the Second Amended Complaint.

**First Cause Of Action**

**For Breach Of The Purchase Agreement**

30.     Defendants hereby incorporate their responses to paragraphs 1 through 29 of the Second Amended Complaint herein.

31.     Defendants admit that on September 21, 1998, and several other times before and after that date, Defendants told Cal Labs they were not going to purchase any more funnels.  Defendants deny the remaining allegations contained in Paragraph 31 of the Second Amended Complaint.

32.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 32 of the Second Amended Complaint, and on that basis, deny the allegations contained in Paragraph 32 of the Second Amended Complaint.

33.     Defendants admit that no more funnels were purchased from Plaintiff in addition to those already paid for in advance.  Defendants deny the remaining allegations contained in Paragraph 33 of the Second Amended Complaint.

34.     Defendants deny the allegations contained in Paragraph 34 of the Second Amended Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of the Second Amended Complaint.

**Second Cause of Action**

**For False Advertising Under the Lanham Act**

36.     Defendants hereby incorporate their responses to paragraphs 1 through 35 of the Second Amended Complaint herein.

37.     Defendants admit the allegations contained in Paragraph 37 of the Second Amended Complaint.

38.     To the extent this Paragraph is alleging Passing Off, Express or Implied, Defendants address these issues in their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Otherwise, Defendants deny the allegations contained in Paragraph 38 of the Second Amended Complaint.

39.     To the extent this Paragraph is alleging Passing Off, Express or Implied, Defendants address these issues in their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).   Otherwise, Defendants deny the allegations contained in Paragraph 39 of the Second Amended Complaint.

40.     To the extent this Paragraph is alleging Passing Off, Express or Implied, Defendants address these issues in their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).   Otherwise, Defendants deny the allegations contained in Paragraph 40 of the Second Amended Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the Second Amended Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of the Second Amended Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of the Second Amended Complaint.

44.     To the extent this Paragraph is alleging Passing Off, Express or Implied, Defendants address these issues in their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).   Otherwise, Defendants deny the allegations contained in Paragraph 44 of the Second Amended Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of the Second Amended Complaint.

46.     To the extent this Paragraph is alleging Passing Off, Express or Implied, Defendants address these issues in their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).   Otherwise, Defendants deny the allegations contained in Paragraph 46 of the Second Amended Complaint.

47.     To the extent this Paragraph is alleging Passing Off, Express or Implied, Defendants address these issues in their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Otherwise, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 47 of the Second Amended Complaint, and on that

basis, deny the allegations contained in Paragraph 47 of the Second Amended Complaint.

48.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 48 of the Second Amended Complaint, and on that basis, deny the allegations contained in Paragraph 48 of the Second Amended Complaint.

49.     Defendants deny the allegations contained in Paragraph 49 of the Second Amended Complaint.

50.     Defendants deny the allegations contained in Paragraph 50 of the Second Amended Complaint.

51.     To the extent this Paragraph is alleging Passing Off, Express or Implied, Defendants address these issues in their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).   Otherwise, Defendants deny the allegations contained in Paragraph 51 of the Second Amended Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the Second Amended Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of the Second Amended Complaint.

54.     Defendants admit Plaintiff is seeking attorneys' fees and costs.   Defendants deny the remaining allegations contained in Paragraph 54 of the Second Amended Complaint.

### Fifth Cause of Action

### for Unfair Competition under California Law

74 - 84.  To the extent these Paragraphs are alleged to support a claim of Passing Off, Express or Implied, Defendants address these issues in their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Otherwise, Defendants deny the allegations contained in Paragraphs 74-84 of the Second Amended Complaint.

76 (b). Defendants deny the allegations contained in Paragraph 76(b) of the Second Amended Complaint.

/ / /

/ / /

**Third – Sixth Causes of Action**

**For Passing Off, Express and Implied,**

**Under the Lanham Act, California State Law, and Common Law**

55-76(a) and 76(c) – 87.  Plaintiff's Third through Sixth Causes of Action fail to state a claim upon which relief can be granted.   Defendants address these allegations in Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(6).

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

A.     Plaintiff fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

B.     The alleged agreement is not a valid and enforceable contract.

**THIRD AFFIRMATIVE DEFENSE**

C.     Any obligation to perform the alleged agreement has been excused or extinguished by Plaintiff's breach of said alleged agreement.

**FOURTH AFFIRMATIVE DEFENSE**

D.     Plaintiff has not been damaged in any amount, manner or at all by reason of any alleged act by Defendants as set forth in the Complaint, and therefore the relief prayed for cannot be granted.

**FIFTH AFFIRMATIVE DEFENSE**

E.     Any claim for damages by Plaintiff is barred by the equitable doctrine of laches, waiver, unclean hands, equitable estoppel, implied license or any other equitable doctrine.

**SIXTH AFFIRMATIVE DEFENSE**

F.     Plaintiff has no obligation with respect to any claim alleged in the Complaint to the extent that such claim is barred by the equitable doctrine of laches, waiver, unclean hands, equitable estoppel, implied license or any other equitable doctrine.

/ / /

1
**PRAYER FOR RELIEF**

2   Wherefore, Defendants pay that the Court enter judgment against California Pacific

3   Labs, Inc. as follows:

4   A.   Plaintiff's Second Amended Complaint be dismissed with prejudice in its

5        entirety;

6   B.   Plaintiff is not entitled to the relief prayed for in its Complaint, or to any relief

7        whatsoever;

8   C.   No damages are due or owed by Defendants for any of the acts alleged by

9        Plaintiff in its Complaint, or to any relief whatsoever;

10  D.   Defendants be awarded their costs and disbursements including attorneys'

11       fees, experts' fees, and such other and further relief as the Court may deem

12       just and proper.

13                          KNOBBE, MARTENS, OLSON & BEAR, LLP

14

15  Dated: April 13, 2004          By:   /s/Thomas F. Smegal, Jr.
16                                       Thomas F. Smegal, Jr.
                                         Irfan A. Lateef
17                                       Attorneys for Defendants, NALGE NUNC
                                         INTERNATIONAL CORPORATION and
18                                       APOGENT TECHNOLOGIES, INC.

19                          **DEMAND FOR JURY TRIAL**

20  Defendants, Nalge Nunc International Corporation and Apogent Technologies, Inc.

21  hereby demand a trial by jury on all claims and issues triable before a jury.

22                          KNOBBE, MARTENS, OLSON & BEAR, LLP

23

24  Dated: April 13, 2004          By:   /s/ Thomas F. Smegal, Jr.
25                                       Thomas F. Smegal, Jr.
                                         Irfan A. Lateef
26                                       Attorneys for Defendants, NALGE NUNC
                                         INTERNATIONAL CORPORATION and
                                         APOGENT TECHNOLOGIES, INC.
27  H:\DOCS\IAL\IAL-3233.DOC://sh2
    040904
28

Defs' Answer to Second Amended Complaint          -8-          Case No.  C-02-1418-JF (PVT)
And Demand for Jury Trial

PROOF OF SERVICE

I am a citizen of the United States of America and I am employed in Irvine, California.  I am over the age of 18 and not a party to the within action.  My business address is 2040 Main Street, Fourteenth Floor, Irvine, California 92614.

On **April 13, 2004**, I served the within **Defendants' Answer to Plaintiff's Second Amended Complaint and Demand For Jury Trial** on the parties or their counsel shown below as follows:

Via efiling to:

> I. Braun Degenshein
> 81 Skyway Lane
> Oakland, CA 94619
> Telephone; (510) 553-9669
> Facsimile: (510) 633-1900
> braun@idblaw.com

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **April 13, 2004** at Irvine, California.

/s/  Shirley Del Rosario
Shirley Del Rosario

H:\DOCS\IAL\IAL-3233.DOC://sh2
040904