NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CALIFORNIA PACIFIC LABS, INC., | Case Number C-02-01418-JF |
| Plaintiff, | ORDER GRANTING IN PART MOTION TO DISMISS CLAIMS 3-6 OF THE SECOND AMENDED COMPLAINT |
| v. | |
| NALGE NUNC INTERNATIONAL CORPORATION, a Delaware Corporation; and APOGENT TECHNOLOGIES, Inc., | [Docket No. 166] |
| Defendants. | |

On May 17, 2004, the Court heard Defendants' motion to dismiss claims 3-6 of the second amended complaint. For the reasons discussed below, the motion will be granted in part.

**I. BACKGROUND**

The facts of this case are well-known to the parties and the Court, and need not be repeated here except as relevant to the instant motion. On March 29, 2004, the Court issued an order denying Plaintiff's motion for leave to file a first amended complaint and directing Plaintiff to file a second amended complaint as to certain claims only. Plaintiff filed its second amended complaint on March 31, 2004, alleging claims for: (1) breach of contract, (2) false advertising under the Lanham Act, (3) unfair competition (implied passing off) under the Lanham Act, (4) unfair competition (passing off) under the Lanham Act, (5) unfair competition under Cal. Bus. &

1  Prof. Code § 17200 *et seq*., and (6) common law unfair competition.  Defendants Nalge Nunc

2  International Corporation and Apogent Technologies, Inc. (collectively "Nalge") move to dismiss

3  claims 3-6 of the second amended complaint.

4  ## II. LEGAL STANDARD

5       For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the

6  Court must construe the complaint in the light most favorable to the plaintiff.  *Jenkins v.*

7  *McKeithen*, 395 U.S. 411, 421 (1969); *Argabright v. United States*, 35 F.3d 472, 474 (9th Cir.

8  1994).  Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot

9  be cured by amendment.  *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

10 When amendment would be futile, however, dismissal may be ordered with prejudice.  *Dumas v.*

11 *Kipp*, 90 F.3d 386, 393 (9th Cir. 1996); *Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th Cir. 1988);

12 *Beezley v. Fremont Indemnity Co.*, 804 F.2d 530, 531 (9th Cir. 1986).

13 ## III. DISCUSSION

14      The third claim alleges implied passing off under the Lanham Act.  The fourth claim

15 alleges passing off under the Lanham Act.  The fifth claim under Cal. Bus. & Prof. Code § 17200

16 is based in part upon the Lanham Act passing off claims.  Finally, the sixth claim alleges implied

17 passing off and palming off under common law.

18      "Passing off" or "palming off" is the selling of one's own goods under the name or mark

19 of another.[1]  *Smith v. Montoro*, 648 F.2d 602, 604 (9th Cir. 1981).  Express passing off occurs

20 when an entity labels its goods with the mark of another or otherwise expressly misrepresents

21 that the goods originated with another enterprise.  *Id.*  Implied passing off occurs when an entity

22 "uses a competitor's advertising material, or a sample or photograph of the competitor's product,

23 to impliedly represent that the product it is selling was produced by the competitor."  *Id.*  "Such

24 practices have consistently been held to violate both the common law of unfair competition and

25 section 43(a) of the Lanham Act."  *Id.*

26      With respect to the express passing off claims, Plaintiff California Pacific Labs, Inc.

27

28    [1] Passing off can occur with services as well as goods.  Because only goods are at issue in
this case, the Court's discussion refers only to goods for the sake of simplicity.

2

1  ("Cal Labs") alleges that over time particular Nalge catalog identification numbers became

2  associated in the minds of purchasers with the particular funnel designed by Cal Labs; that

3  purchasers who ordered products under these catalog numbers expected to receive Cal Labs'

4  funnels; and that Nalge substituted its own inferior products, thereby passing off those products

5  as Cal Labs' funnels.  With respect to the implied passing off claims, Cal Labs alleges that Nalge

6  used photographs of Cal Labs' funnels in its advertising in order to sell its own inferior products,

7  and that use of these photographs impliedly represented that Nalge's products were produced by

8  Cal Labs.

9         Nalge asserts that Cal Labs' allegations are made as though Cal Labs were a competitor

10  of Nalge, independently manufacturing and selling the funnels in question.  Nalge asserts that it

11  appears on the face of the second amended complaint that Cal Labs supplied funnels to Nalge for

12  resale *as Nalge products*; that Nalge pre-purchased the entire first year's quantity of funnels; and

13  that Cal Labs custom stamped these funnels with Nalge's name.  Nalge asserts that under these

14  circumstances, it owned the funnels it purchased, and had the right to picture the funnels in its

15  advertising or do anything else with them it wished.  Finally, Nalge asserts that this Court already

16  has ruled that Cal Labs does not have any protectable trade dress or other intellectual property

17  rights in the funnels.

18         It does appear on the face of the second amended complaint that Cal Labs sold the funnels

19  outright to Nalge for distribution by Nalge as Nalge products.  Under these circumstances, the

20  Court is at a loss to understand how a passing off or implied passing off claim could lie.  Even if

21  consumers did place orders expecting the Nalge funnel originally produced by Cal Labs, and

22  instead were supplied with a different funnel produced by Nalge, the consumer would have

23  expected to receive a particular *Nalge* product and would have received a different *Nalge*

24  product.  Thus the element of passing one's goods off as those of another would not be met.

25         With respect to the use of photographs of the original funnels in advertising, it is unclear

26  what rights - if any - Cal Labs retained in the funnels after selling them to Nalge.  To the extent

27  Cal Labs is asserting that customers recognized the funnel as a Cal Labs product based upon its

28  appearance in the catalog photographs, such claim depends upon customer recognition of Cal

3

1   Labs as the source of the product based upon its trade dress. The Court already has held that Cal

2   Labs has no trade dress rights in the funnel. At the hearing, counsel for Cal Labs argued that the

3   scientists who purchase this type of funnel are very sophisticated, and would have known that the

4   funnel they were ordering was designed by Cal Labs even absent trade dress considerations.

5   Assuming counsel's representation on this point to be true, it appears impossible that such a

6   sophisticated customer would be fooled into believing it had received a Cal Labs product when

7   the funnel actually was delivered. Accordingly, no passing off claim would lie.

8        The Court concludes that the passing off claims cannot be cured by amendment based

9   upon the facts already alleged. The Court therefore will dismiss those claims without leave to

10  amend.

11       The Court notes that while the fifth claim under § 17200 fails insofar as it is based upon

12  passing off, the § 17200 claim may be viable insofar as it is based upon the false advertising

13  alleged in the second claim. Nalge argues that the addition of a § 17200 claim based upon false

14  advertising was outside the scope of the Court's prior order permitting amendment and that for

15  this reason the Court should dismiss the fifth claim in its entirely. While the § 17200 claim

16  based upon false advertising technically is outside the scope of the Court's prior order, the Court

17  concludes that the addition of such claim will not prejudice Nalge, as it will rise or fall with the

18  false advertising claim already pled. Accordingly, the Court will not dismiss the § 17200 claim

19  insofar as it is based upon false advertising rather than passing off.

20                                    **IV. ORDER**

21       The motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND with respect to

22  the claims based upon passing off; the motion is DENIED with respect to claim 5 to the extent

23  that claim is based upon false advertising rather than passing off.

24  DATED:  May 20, 2004

25

26                              /s/ electronic signature authorized

27                              JEREMY FOGEL
                                United States District Judge

28

                                         4

Case No. C- 02-01418-JF
ORDER GRANTING IN PART MOTION TO DISMISS CLAIMS 3-6 OF THE SECOND AMENDED COMPLAINT
(JFLC2)

1   Copies of Order served upon the following persons:

2

3   I Braun Degenshein braun@ibdlaw.com,

4   Irfan A. Lateef ial@kmob.com

5   Thomas Frank Smegal tsmegal@kmob.com,
    sdelrosario@kmob.com;ipullen@kmob.com;jpan@kmob.com;ilateef@kmob.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C- 02-01418-JF
ORDER GRANTING IN PART MOTION TO DISMISS CLAIMS 3-6 OF THE SECOND AMENDED COMPLAINT
(JFLC2)